UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Case No. 8:18-bk-03456-MGW
                                                Chapter 7

James Chisholm


Debtors.            /

### TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper
without further notice or hearing unless a party in interest files a response within 21 days
from the date set forth on the attached proof of service, plus an additional three days for
service if any party was served by U.S. Mail. If you object to the relief requested in this
paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite
555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M.
Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other
appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule
and notify you of a hearing, or consider the response and grant or deny the relief requested
without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do
not oppose the relief requested in the paper, will proceed to consider the paper without
further notice or hearing, and may grant the relief requested.**

        Beth Ann Scharrer, Trustee in the above-captioned Chapter 7 case, files this Objection to

Debtors' claim of exemptions and states as follows:

1. The Debtor converted his chapter 13 case to chapter 7 on May 30, 2018.

2. Beth Ann Scharrer was appointed to serve as Chapter 7 Trustee in this case.

3. A 341 meeting of creditors was conducted and concluded in this case on June 28, 2018.

4. The Debtor has claimed real property located at 900 Fountainhead Drive Largo, FL

    33770 (hereinafter, the "Property") as exempt pursuant to Fla. Const. art. X, § 4(a)(1);

Fla. Stat. Ann. §§ 222.01 & 222.02 (e.g., the Homestead Exemption), however the Debtor

nor his family physically reside at the Property.

5. Florida Const. art. X, § 4(a)(1) expressly provides that the "exemption shall be limited to

   the *residence* of the owner or the owner's family." Given that the Debtor nor his family

   reside in the Property, his claim of the Homestead Exemption should be disallowed.

6. The Trustee also believes that the values that the Debtor allocated to other assets listed on

   Schedule A/B may be less than the actual value of the various assets. The Trustee

   therefore objects to the Debtor's claim of exemptions to the extent these exceed that

   which they are entitled to claim as exempt.

7. The Debtor have claimed as exempt equity in personal property exceeding their allowable

   exemptions. The Trustee objects to the Debtors' claim of exemptions to the extent these

   exceed that which they are entitled to claim as exempt.

WHEREFORE the Trustee respectfully requests the entry of an Order disallowing the

Debtors' claim of exemptions pursuant to Fla. Const. art. X, § 4(a)(1); Fla. Stat. Ann. §§ 222.01

& 222.02 and to the extent that it exceeds that which his is entitled to claim as exempt, and for

any other relief which this court deems just.

Respectfully submitted,

 /s/ Richard M. Dauval
Richard M. Dauval, Esq.
Attorney for the Trustee
3900 1st Street North
St. Petersburg, FL 33703
727.327.3328
rdauval@leavenlaw.com

## CERTIFICATE OF SERVICE

I certify that on August 3, 2018, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to:

U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov

James Chisholm, 1364 South Hercules Ave., Clearwater, FL 33764

Karen Gatto,Esq. kgatto@gattolaw.com

Beth Ann Scharrer, Trustee

 /s/ Richard M. Dauval
Richard M. Dauval, Esq.